IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * |
|---|---|
| v. | * Criminal No. CCB-09-0244 |
| FLEANCE ARCHIE | * |

*******

## **MEMORANDUM AND ORDER**

Now pending is a motion for a sentence reduction under Section 404 of the First Step Act of 2018, filed on behalf of Fleance Archie. For the reasons that follow, the motion will be granted in part.

Archie pled guilty on July 15, 2010, to Count Four of the second superseding indictment charging him with distribution and possession with intent to distribute 50 grams or more of crack cocaine. His quantity-based guidelines range was 92 to 115 months, but as a career offender, his range was 262 to 327 months. The parties entered into a C-plea for a range of 151 to 188 months. On November 5, 2010, Archie was sentenced to 188 months' incarceration. He filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) in 2015, which was denied because of his career offender status.

In response to the current motion, the government argues that Archie is not eligible because the court took the Fair Sentencing Act of 2010 ("FSA") into account when sentencing him. It is clear from the transcript, the PSR, and the Statement of Reasons, however, that the court did not find that the FSA applied. The career offender guidelines remained at 262 to 327 months, and the sentence imposed was at the high end of the C-plea. While it is correct that the Statement of Reasons identified the FSA as a factor supporting the variance (which had already been agreed to by the parties), it is not correct that the sentence "was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *See* First Step Act,

1

Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018). Accordingly, Archie is eligible for relief.

The government also argues that, assuming Archie is eligible, the court should nonetheless deny relief because his sentence of 188 months is at the low end of the new applicable guideline range (188 to 235 months). The government does not, however, address any of the other factors under 18 U.S.C. § 3553(a).

Archie's offense was serious, and while it did not involve weapons, the quantity of drugs was substantial. Archie had a Criminal History category VI, even without the career offender status. On the other hand, he has done well in the Bureau of Prisons, with no infractions, and has a strong re-entry plan, which reduces the likelihood of recidivism and the risk to public safety. Considering all the statutory factors, the court concludes that a reduction to 151 months, at the low end of the previous C-plea, followed by four years of supervised release, will serve the purposes of sentencing.

Accordingly, the motion (ECF No. 363) is **GRANTED**. An amended J&C will be issued.

So Ordered this \_\_/s/\_\_ day of November 2019.

Catherine C. Blake
United States District Judge

2